FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL ANTON HERNANDEZ, | ) | 4:09CV3070 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT P. HOUSTON, et al., | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner filed a Petition for Writ of Habeas Corpus. (Filing No. 1.) The court has conducted an initial review of the Petition for Writ of Habeas Corpus to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. Petitioner made fourteen claims.

Condensed and summarized for clarity, the claims asserted by Petitioner are:

Claim One[1]: Petitioner was denied due process and equal protection of the laws in violation of the Fourteenth Amendment *because* Box Butte County District Court Judge Brian Silverman engaged in numerous acts of judicial misconduct.

Claim Two: Petitioner was denied due process of law in violation of the Fourteenth Amendment *because* the prosecution's confidential informant was bribed by

---

[1]Claim One of this Memorandum and Order contains the claims set forth in the Petition as Grounds One, Fourteen, and Fifteen. (Filing No. 1 at CM/ECF pp. 7-20; 66-75.)

1

|               |                                                                                                              |
| ------------- | ------------------------------------------------------------------------------------------------------------ |
|               | a law enforcement officer to give perjured testimony. |
| Claim Three:  | Petitioner was denied due process of law in violation of the Fourteenth Amendment *because* the prosecution's corroboration of the confidential informant's testimony was legally insufficient. |
| Claim Four[2]: | Petitioner was denied due process and equal protection of the laws in violation of the Fourteenth Amendment *because* the prosecution engaged in numerous acts of prosecutorial misconduct and vindictiveness. |
| Claim Five[3]: | Petitioner received the ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments *because* Petitioner's trial counsel (1) did not make proper objections or file appropriate motions, (2) did not discuss the presentence investigation with Petitioner; (3) did not hire an investigator to track down potential witnesses; (4) did not contest the composition of the jury; (5) did not call subpoenaed witnesses to testify for the |

---

[2]Claim Four of this Memorandum and Order contains the claims set forth in the Petition as Grounds Four, Eleven, Fourteen, and Fifteen. (Filing No. 1 at CM/ECF pp. 28-35; 58-61; 66-75.)

[3]Claim Five of this Memorandum and Order contains the claims set forth in the Petition as Grounds Five, Fourteen, and Fifteen. (Filing No. 1 at CM/ECF pp. 36-46; 66; 68.)

         defense; (6) instructed Petitioner to testify; (7) lied to the jury by stating Petitioner is part of an "Indian Rights Movement"; and (8) did not report the trial court and prosecutor's misconduct to the proper authorities.

Claim Six:   Petitioner was denied due process of law in violation of the Fourteenth Amendment *because* the prosecution withheld evidence that the confidential informant had been convicted of providing false information to a police officer.

Claim Seven:   Petitioner's conviction was obtained by the action of a petit jury which was unconstitutionally selected or impaneled in violation of the Sixth and Fourteenth Amendments *because* the state purposefully excluded Sioux Indians from the jury.

Claim Eight:   Petitioner was denied the privilege against self-incrimination in violation of the Fifth and Fourteenth Amendments *because* Petitioner's trial counsel instructed Petitioner to testify.

Claim Nine[4]:   Petitioner received the ineffective assistance of counsel in violation of the Sixth and Fourteenth

---

[4]Claim Nine of this Memorandum and Order contains the claims set forth in the Petition as Grounds Nine and Fourteen. (Filing No. 1 at CM/ECF pp. 52-54; 66.)

|  |  |
|---|---|
|  | Amendments *because* Petitioner's appellate counsel failed to make proper arguments and assignments of error on direct appeal. |
| Claim Ten[5]: | Petitioner received the ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments *because* Petitioner's postconviction counsel intentionally interfered with Petitioner's due process rights and conspired with court officers to undermine Petitioner's rights. |
| Claim Eleven: | The trial court lacked jurisdiction over Petitioner *because* Petitioner is a member of a federally recognized tribe and the alleged conduct occurred on Sioux land. |
| Claim Twelve: | Petitioner was denied due process of law in violation of the Fourteenth Amendment *because* Petitioner was deprived of his right to petition the government for a redress of grievances. |
| Claim Thirteen: | Petitioner was denied due process of law in violation of the Fourteenth Amendment *because* the evidence presented at trial was insufficient to support conviction. |

---

[5]Claim Ten of this Memorandum and Order contains the claims set forth in the Petition as Grounds Ten and Fourteen. (Filing No. 1 at CM/ECF pp. 55-57; 66.)

> Claim Fourteen: Petitioner was denied due process and equal protection of the laws in violation of the Fourteenth Amendment *because* Petitioner's conviction is part of an ongoing criminal conspiracy against him.

Liberally construed, the court preliminarily decides that all fourteen of Petitioner's claims are potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

Petitioner requests the appointment of counsel. (Filing No. 6.) "There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). In short, there is no need for the appointment of counsel at this time.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the Petition for Writ of Habeas Corpus (filing no. 1), the court preliminarily determines that all fourteen of Petitioner's claims are potentially cognizable in federal court.

5

2. Petitioner's request for the appointment of counsel (filing no. 6) is denied without prejudice to reassertion.

3. The Clerk of the court is directed to mail copies of this Memorandum and Order and Petitioner's Petition for Writ of Habeas Corpus (filing no. 1) to Respondent and the Nebraska Attorney General by regular first-class mail.

4. By June 27, 2009, Respondent shall file a motion for summary judgment or state court records in support of an answer. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: June 27, 2009: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

5. If Respondent elects to file a motion for summary judgment, the following procedures shall be followed by Respondent and Petitioner:

>    A. The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.
>
>    B. The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."
>
>    C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief shall be served upon Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record which are cited in Respondent's brief. In the event that the

designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, Petitioner shall file and serve a brief in opposition to the motion for summary judgment. Petitioner shall submit no other documents unless directed to do so by the court.

E. No later than 30 days after the filing Petitioner's brief, Respondent shall file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, Respondent shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of Petitioner**.

6. If Respondent elects to file an answer, the following procedures shall be followed by Respondent and Petitioner:

A. By June 27, 2009, Respondent shall file <u>all</u> state court records

      which are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the *[Rules Governing Section 2254 Cases in the United States District Courts](#)*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

B.     No later than 30 days after the filing of the relevant state court records, Respondent shall file an answer. The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the *[Rules Governing Section 2254 Cases in the United States District Courts](#)*.

C.     Copies of the answer, the designation, and Respondent's brief shall be served upon Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record which are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.  No later than 30 days following the filing of Respondent's brief, Petitioner shall file and serve a brief in response. Petitioner shall submit no other documents unless directed to do so by the court.

E.  No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F.  The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: July 27, 2009: check for Respondent to file answer and separate brief.

7.  No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

May 14, 2009.                    BY THE COURT:


                                 s/ Joseph F. Bataillon
                                 Chief United States District Judge