IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL ANTON HERNANDEZ, | ) | 4:09CV3070 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| V. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT P. HOUSTON, et al., | ) | |
| | ) | |
| Respondents. | ) | |

    This matter is before the court on Michael Anton Hernandez's ("Hernandez") Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) Respondent filed an Answer (filing no. 27), Brief on the merits of the Petition (filing no. 28), and State Court Records (filing nos. 13 and 25). Hernandez filed a Brief and supplemental Brief on the merits of the Petition. (Filing Nos. 31 and 32). This matter is deemed fully submitted.

    Liberally construing the allegations of Hernandez's Petition, he argues that the Petition should be granted because:

| | |
|---|---|
| Claim One: | Hernandez was denied due process and equal protection of the laws in violation of the Fourteenth Amendment *because* Box Butte County District Court Judge Brian Silverman engaged in numerous acts of judicial misconduct. |
| Claim Two: | Hernandez was denied due process of law in violation of the Fourteenth Amendment *because* the prosecution's confidential informant was bribed by a law enforcement officer to give perjured testimony. |
| Claim Three: | Hernandez was denied due process of law in violation of the Fourteenth Amendment *because* the |

|  |  |
|---|---|
|  | prosecution's corroboration of the confidential informant's testimony was legally insufficient. |
| Claim Four: | Hernandez was denied due process and equal protection of the laws in violation of the Fourteenth Amendment *because* the prosecution engaged in numerous acts of prosecutorial misconduct and vindictiveness. |
| Claim Five: | Hernandez received the ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments *because* Hernandez's trial counsel (1) did not make proper objections or file appropriate motions; (2) did not discuss the presentence investigation with Hernandez; (3) did not hire an investigator to track down potential witnesses; (4) did not contest the composition of the jury; (5) did not call subpoenaed witnesses to testify for the defense; (6) instructed Hernandez to testify; (7) lied to the jury by stating Hernandez is part of an "Indian Rights Movement"; and (8) did not report the trial court and prosecution's misconduct to the proper authorities. |
| Claim Six: | Hernandez was denied due process of law in violation of the Fourteenth Amendment *because* the prosecution withheld evidence that the confidential informant had been convicted of providing false information to a police officer. |
| Claim Seven: | Hernandez's conviction was obtained by the action of a petit jury which was unconstitutionally selected or impaneled in violation of the Sixth and Fourteenth Amendments *because* the state purposefully excluded Sioux Indians from the jury. |
| Claim Eight: | Hernandez was denied the privilege against self-incrimination in violation of the Fifth and Fourteenth |

2

        Amendments *because* Hernandez's trial counsel instructed Hernandez to testify.

Claim Nine: Hernandez received the ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments *because* Hernandez's appellate counsel failed to make proper arguments and assignments of error on direct appeal.

Claim Ten: Hernandez received the ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments *because* Hernandez's post-conviction counsel intentionally interfered with Hernandez's due process rights and conspired with court officers to undermine Hernandez's rights.

Claim Eleven: The trial court lacked jurisdiction over Hernandez *because* Hernandez is a member of a federally recognized tribe and the alleged conduct occurred on Sioux land.

Claim Twelve: Hernandez was denied due process of law in violation of the Fourteenth Amendment *because* Hernandez was deprived of his right to petition the government for a redress of grievances.

Claim Thirteen: Hernandez was denied due process of law in violation of the Fourteenth Amendment *because* the evidence presented at trial was insufficient to support conviction.

Claim Fourteen: Hernandez was denied due process and equal protection of the laws in violation of the Fourteenth Amendment *because* Hernandez's conviction is part of an ongoing criminal conspiracy against him.

(Filing No. 8 at CM/ECF pp. 1-5.)

## BACKGROUND

### I. Hernandez's Conviction and Direct Appeal

On February 9, 2006, a jury convicted Hernandez of one count of distribution of a controlled substance.[1] (Filing No. 13-13, Attach. 12, at CM/ECF pp. 122-123.) The jury also acquitted Hernandez of one count of distribution of a controlled substance. (*Id.*) Hernandez was thereafter found to be a habitual criminal and was sentenced to serve a prison term of not less than 20 years nor more than 30 years. (*Id.* at CM/ECF pp. 124-125.) Hernandez filed a direct appeal in which he, liberally construed, argued Claim Six (filing no. 25-2, attach. 1, at CM/ECF pp. 28-30), and at least portions of Claims Four and Five (*id.* at CM/ECF pp. 25-30). The Nebraska Court of Appeals affirmed Hernandez's conviction and sentence on December 22, 2006, issuing a detailed opinion. (Filing No. 13-2, Attach. 1, at CM/ECF pp. 1-33.) Hernandez filed a petition for further review with the Nebraska Supreme Court in which he, liberally construed, argued Claims Four and Six. (Filing No. 13-8, Attach. 7, at CM/ECF pp. 7-8.[2]) The Nebraska Supreme Court overruled the petition without issuing an opinion on the matter. (Filing No. 13-3, Attach. 2, at CM/ECF p. 1.) Thus, only Claims Four and Six were presented to the Nebraska Court of Appeals and the Nebraska Supreme Court on direct appeal.

### II. Hernandez's Post-Conviction Motion and Appeal

---

[1] The facts surrounding the distribution of a controlled substance charge are set forth in the decision of the Nebraska Court of Appeals affirming Hernandez's conviction and sentence, and need not be recounted here. (Filing No. 13-2, Attach. 1, at CM/ECF pp. 1-33.)

[2] According to Respondents' Designation of State Court Records, Filing Number 13-8, Attachment 7, is Hernandez's initial brief on direct appeal. (*See* Filing No. 13.) However, Filing Number 13-8, Attachment 7, is actually Hernandez's brief in support of his petition for further review. Hernandez's initial brief on direct appeal can be found at Filing Number 25-2, Attachment 1.

On March 23, 2007, Hernandez filed a "Verified Motion for Post Conviction Relief" ("post-conviction motion") in the Box Butte County, Nebraska District Court. (Filing No. 13-17, Attach. 16, at CM/ECF pp. 33-67.) In his post-conviction motion, Hernandez, liberally construed, argued at least portions of Claims One through Five, Seven, and Nine. (*Id.*) On January 22, 2008, the Box Butte County District Court denied the post-conviction motion. (Filing No. 13-15, Attach. 14, at CM/ECF pp. 41.) Hernandez appealed the denial of post-conviction relief, but the Nebraska Court of Appeals dismissed the appeal because it was not timely filed. (Filing No. 13-7, Attach. 6, at CM/ECF p. 2.) The Nebraska Supreme Court issued a mandate in the case on May 20, 2008. (*Id.*)

Hernandez filed this matter on March 30, 2009. (Filing No. 1.) Respondents filed their Answer and Brief in Support, arguing that all of Hernandez's claims are procedurally defaulted. (Filing Nos. 27 and 28.) Hernandez filed a Response, arguing the merits of his claims and also arguing that extraordinary circumstances overcome the procedural default issues in his case. (Filing No. 31.)

## *ANALYSIS*
### I. Exhaustion/Procedural Default

Respondent has alleged that each of Hernandez's claims is procedurally defaulted and cannot form the basis of habeas corpus relief. (Filing No. 27 at CM/ECF pp. 5-15.) For the reasons set forth below, the court agrees that the following claims are procedurally defaulted: Claims One through Three; Claim Four, in part; Claim Five; Claims Seven through Nine; and Claims Eleven through Fourteen.

**A.   Standards for Exhaustion/Procedural Default**

As set forth in 28 U.S.C. § 2254(b)(1):

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

Moreover, where "no state court remedy is available for the unexhausted claim-that is, if resort to the state courts would be futile-then the exhaustion

6

requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Stated another way, if a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n. 1.

Under Nebraska law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). In such circumstances, where a Nebraska state court rejects a claim on state procedural grounds, and "issues a plain statement that it is rejecting petitioner's federal claim on state procedural grounds," a federal habeas court is precluded from "reaching the merits of the claim." *Shaddy v. Clarke*, 890 F.2d 1016, 1018 (8th Cir. 1989); *Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (reiterating that "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," federal habeas is barred because "[i]n such instances, the state prisoner forfeits his right to present his federal claim through a federal habeas corpus petition") (quotations omitted). However, the state court procedural decision must "rest[] on independent and adequate state procedural grounds." *Barnett v. Roper*, 541 F.3d 804, 808 (8th Cir. 2008) (quotation omitted). "A state procedural rule is adequate only if it is a firmly established and regularly followed state practice." *Id.* (quotation omitted). Even where a claim has been procedurally defaulted, a petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse the default. *Akins*, 410 F.3d at 456 n. 1.

7

**B.     Claims One, Two, Three, Seven, Nine, and Thirteen**

Claims One, Two, Three, Seven, Nine, and Thirteen were not raised on direct appeal. Although Hernandez raised some of the same issues presented in Claims One, Three, and Thirteen on direct appeal, he failed to present federal claims because he did not refer to specific federal constitutional rights or cite federal law.[3] *See Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir. 2007) ("In order to fairly present a federal claim to the state courts, the petition must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent constitutional issue in a claim before the state courts.") Hernandez, liberally construed, argued at least portions of Claims One, Two, Three, Seven, and Nine in his post-conviction motion. (*Id.*) However, Hernandez failed to present any of his post-conviction claims to the Nebraska Court of Appeals or the Nebraska Supreme Court because he did not timely appeal the Box Butte County District Court's denial of post-conviction relief. (Filing No. 13-7, Attach. 6, at CM/ECF p. 2; Filing No. 13-17.) Thus, Hernandez failed to present Claims One, Two, Three, Seven, Nine, and Thirteen in "one complete round" in the Nebraska state courts, as required. *See Akins,* 410 F.3d at 454-55. Therefore, these claims are procedurally defaulted and this court cannot consider their merits unless Hernandez can show cause and prejudice to excuse the default.

---

[3] With regard to Claim Three, even if Hernandez had fairly presented a federal claim, this court would be precluded from addressing it because the Nebraska Court of Appeals issued the following "plain statement" rejecting the claim on independent and adequate state procedural grounds: "In his brief, Hernandez claims that there was insufficient corroboration of the information provided by the confidential informant . . . However, an appellate court does not consider errors which are argued but not assigned. *State v. Tyma*, 264 Neb. 712, 651 N.W.2d 582 (2002). Therefore, we do not address Hernandez's argument . . ." (Filing No. 13-2, Attach. 1, at CM/ECF p. 16.) In such circumstances, this court is precluded from reaching the merits of the claim. *Shaddy,* 890 F.2d at 1018.

## C. Claim Four, in Part

Hernandez did not present the equal protection component of Claim Four on direct appeal. He also did not present the numerous allegations of prosecutorial misconduct listed in his habeas Petition.[4] Hernandez argued at least portions of Claim Four in his post-conviction motion, however, he failed to present any post-conviction claims to the Nebraska Court of Appeals or the Nebraska Supreme Court because he did not timely appeal the denial of post-conviction relief. (Filing No. 13-7, Attach. 6, at CM/ECF p. 2.) Thus, Hernandez did not present the equal protection component of Claim Four, or the numerous allegations of prosecutorial misconduct detailed in his habeas Petition, in "one complete round" in the Nebraska state courts, as required. *See Akins,* 410 F.3d at 454-55. Therefore, these portions of Claim Four are procedurally defaulted and this court cannot consider their merits unless Hernandez can show cause and prejudice to excuse the default.

## D. Claim Five

Hernandez argued at least portions of Claim Five on direct appeal to the Nebraska Court of Appeals. (Filing No. 25-2, Attach. 1, at CM/ECF pp. 25-28.) However, the Nebraska Court of Appeals determined the record was not sufficient to address the merits of his claim. (Filing No. 13-2, Attach. 1, at CM/ECF p. 25.) Although Hernandez did raise portions of Claim Five in his post-conviction motion, he failed to present any of his post-conviction claims to the Nebraska Court of Appeals or the Nebraska Supreme Court because he did not timely appeal the denial of post-conviction relief. (Filing No. 13-7, Attach. 6, at CM/ECF p. 2.) Thus, Hernandez

---

[4]Of the numerous acts of prosecutorial misconduct Hernandez has described in his habeas Petition, only two were actually raised in state court: (1) the prosecution provided false information with regard to the confidential informant's prior criminal history and (2) the prosecution knowingly used perjured testimony to convict him. (Filing No. 25-2, Attach. 1, at CM/ECF pp. 29-30; Filing No. 13-8, Attach. 7, at CM/ECF pp. 7-8.)

9

failed to present Claim Five in "one complete round" in the Nebraska state courts, as required. *See Akins*, 410 F.3d at 454-55. Therefore, Claim Five is procedurally defaulted and this court cannot consider its merits unless Hernandez can show cause and prejudice for the default.

### E.    Claims Eight, Eleven, Twelve, and Fourteen

Hernandez did not present Claims Eight, Eleven, Twelve, or Fourteen in the Nebraska state courts, let alone invoke one "complete round" of the Nebraska appellate review process as required. *Id.* Therefore, these claims are procedurally defaulted and this court cannot consider their merits unless Hernandez can show cause and prejudice to excuse the default.

### II.  Cause and Prejudice

Hernandez does not argue cause or prejudice for the procedural default of his claims. Rather, Hernandez has argued that the extraordinary circumstances in his case overcome any procedural default issues that may exist. (Filing No. 31 at CM/ECF pp. 1-12.) Thus, liberally construed, Hernandez has argued that the court's failure to consider these claims will result in a fundamental miscarriage of justice. In order for Hernandez to invoke the fundamental-miscarriage-of-justice exception, he must "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted. *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006). *See Cassell v. Norris*, 103 F.3d 61, 62 (8th Cir.1996) ("For actual innocence to lift the procedural bar, [a petitioner] must show that it is more likely than not that, in light of new evidence, no reasonable juror would have convicted him."), *cert. denied*, 522 U.S. 857 (1997).

Hernandez's basis for arguing that he qualifies for this exception is difficult to discern. As best as the court can tell, Hernandez has argued that the court must address

10

his claims because numerous state actors are involved in an ongoing conspiracy to deprive him of his federally-protected rights, including the trial court, the prosecution, his court-appointed attorneys, the Nebraska Attorney General's Office, and others. (See Filing No. 31 at CM/ECF pp. 1-12.) Hernandez believes these state actors are involved in this conspiracy in retaliation for the class action discrimination suit Hernandez filed against the Box Butte County Court, the Box Butte County Attorney's Office, and the Alliance Police Department. (*Id.*)

The court declines to excuse the procedural default of any of Hernandez's procedurally defaulted claims under the fundamental-miscarriage-of-justice exception because Hernandez has offered no new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted. *See Abdi*, 450 F.3d at 338. Thus, he cannot avoid the procedural default of his claims under this exception.

Accordingly, Hernandez has not submitted any argument or evidence which shows that he, or his counsel, were objectively impeded from filing all of his claims in his direct appeal and in his post-conviction motion, or from pursuing a timely appeal of his post-conviction motion. Thus, Claims One through Three; Claim Four, in part; Claim Five; Claims Seven through Nine; and Claims Eleven through Fourteen are dismissed.

### III. Analysis of Claims Four, Six, and Ten

Respondent has argued that Claims Four, Six, and Ten are procedurally defaulted. (*See generally*, Filing Nos. 27 and 28.) However, even when there is a procedural question presented, a court may alternatively reach the merits where the record is adequate to do so. *See*, *e.g.*, *Winfield v. Roper*, 460 F.3d 1026, 1038 (8th Cir. 2006), *cert. denied*, 550 U.S. 939 (2007) (holding that, where the record before the court presented adequate information upon which to base a decision on the merits of the petitioner's ineffective assistance of counsel claim, a court may alternatively

consider the merits of the petitioner's claim rather than concentrating only on procedural questions). Because the procedural default questions on these claims are somewhat complex and a resolution of them would unduly lengthen this opinion, the court declines to resolve the procedural default issues regarding these claims and instead addresses their merits.

**A. Standard of Review**

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the facts and the law. *See* 28 U.S.C. § 2254(d). With regard to the deference owed to factual findings of a state court's decision, a federal court is bound by those findings unless the state court made a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Further, section 2254(d)(1) states that a federal court may not grant a writ of habeas corpus unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. *Id.* at 399. Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006). This high degree of deference only applies where a claim has been adjudicated on the merits

12

by the state court. See *Brown v. Luebbers*, 371 F.3d 458, 460-61 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

**B.     Claim Four**

For the due process component of Claim Four, Hernandez has argued that the prosecution engaged in numerous acts of prosecutorial misconduct. (Filing No. 1 at CM/ECF pp. 28-35; 58-61; 66-75.) Specifically, the prosecution (1) provided false information with regard to the confidential informant's criminal history and (2) knowingly used perjured testimony to convict him. (*Id.*)

**1.     The *Brady* Rule**

In *Brady v. Maryland*, the United States Supreme Court held that a defendant's right to due process is violated when the prosecution withholds evidence that is both favorable to the accused and material to guilt or to punishment. 373 U.S. 83, 87 (1963). Thus, a prosecutor must disclose evidence favorable to the accused which, if suppressed, would deprive the defendant of a fair trial. *United States v. Agurs*, 427 U.S. 97, 108 (1976).

The *Brady* rule applies to both exculpatory and impeachment evidence. *Giglio v. United States*, 405 U.S. 150, 154 (1972). Impeachment evidence is evidence favorable to an accused where, if disclosed and used effectively, it may make the difference between conviction and acquittal. *United States v. Bagley*, 473 U.S. 667, 676 (1985). Thus,

> When the reliability of a given witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility falls within th[e] general rule [of *Brady*]. We do not, however, automatically require

13

a new trial whenever a combing of the prosecutors' files after the trial has disclosed evidence possibly useful to the defense but not likely to have changed the verdict[.] ... A finding of materiality of the evidence is required under *Brady*.... A new trial is required if the false testimony could ... in any reasonable likelihood have affected the judgment of the jury....

*Giglio*, 405 U.S. at 154 (citations omitted) (internal quotation marks omitted). In other words, unless a prosecutor's omission deprived the defendant of a fair trial, there is no constitutional violation requiring that a verdict be set aside. *Agurs*, 427 U.S. at 108.

### 2. Claim Four-Part 1

Hernandez has alleged that the prosecution provided false information concerning the confidential informant's criminal history. (Filing No. 1 at CM/ECF pp. 28-35; 58-61; and 66-75.) This allegation is based on the following statement made by the prosecution to the trial court: "[The confidential informant] does have crimes, however, our search revealed no felonies or crimes involving fraud or false statement [within the last 10 years]." (Filing No. 13-19, Attach. 18, p. 21.) Hernandez has argued that this statement amounts to prosecutorial misconduct because, on cross-examination, the confidential informant admitted that he had been convicted of providing false information to a police officer within the last 10 years (*see id.* at CM/ECF p. 52), and the prosecution knew or should have known about the conviction. (Filing No. 25-2, Attach. 1, at CM/ECF p. 28.) Claim Four-Part 1 was not adjudicated on the merits in state court.

The court has carefully reviewed the record in this matter and finds that Hernandez was not deprived of his right to a fair trial as a result of the prosecution's alleged omission and therefore there is no constitutional violation warranting federal habeas corpus relief. *See Agurs*, 427 U.S. at 108. Assuming, without deciding, that the prosecution withheld evidence regarding the confidential informant's criminal history, the omission had no bearing on the outcome of the case. The prosecution's statement

14

to the trial court was made outside the presence of the jury. (Filing No. 13-19, Attach. 18, at CM/ECF pp. 20-21.) Further, the confidential informant admitted on cross-examination that he had been convicted of providing false information to a police officer within the previous 10 years. (*Id.* at CM/ECF p. 52.) In other words, the jury actually heard the evidence the prosecution allegedly withheld. Put simply, the prosecution's statement, whether or not an intentional omission, did not deprive Hernandez of his right to a fair trial. In light of these findings, Claim Four-Part 1 is dismissed.

### 3. Claim Four-Part 2

Hernandez has alleged that he was denied due process because the prosecution knowingly used perjured testimony to convict him. (Filing No. 1 at CM/ECF pp. 58-59). Specifically, Hernandez has alleged that the prosecution knew that the confidential informant had lied under oath regarding his methamphetamine use during the controlled drug buy that resulted in Hernandez's conviction, and it failed to disclose this information to the defense. (*Id.*) Although the Nebraska Court of Appeals did not adjudicate this claim on its merits, the court did address the underlying allegation on direct appeal.[5] The Nebraska Court of Appeals made the following determination:

> Upon examination of the record, it appears to this court that the alleged misconduct committed by the State and the confidential informant would have occurred only with reference to the second count of distribution of a controlled substance and that Hernandez was acquitted on this count. Although the [confidential informant] denied smoking methamphetamine at the time of the drug buys at the preliminary hearing, he admitted during

---

[5]The Nebraska Court of Appeals addressed this allegation when it rejected Hernandez's claim that the trial court should have granted Hernandez's motion for a new trial because prosecutorial misconduct deprived him of a his right to a fair trial. (Filing No. 13-2, Attach. 1, at CM/ECF pp. 28.)

15

> his deposition that he smoked methamphetamine during the buy at Hernandez's residence. This is the buy that resulted in Hernandez's conviction. Further, it is clear from the records that Hernandez's attorney was prepared to attack the confidential informant's credibility at the time of trial due to this discrepancy in his testimony and that the confidential informant's credibility was also attacked regarding his admission that he smoked methamphetamine during the drug buy at the bar.

(Filing No. 13-2, Attach. 1, at CM/ECF pp. 28-29.)

The court agrees with the Nebraska Court of Appeals that the prosecution's alleged misconduct would have occurred only with regard to the second count of distribution of a controlled substance. Because Hernandez was acquitted of this count, the alleged misconduct did not deprive him of his right to a fair trial and there is no constitutional violation warranting federal habeas corpus relief. *See Agurs*, 427 U.S. at 108. As with Claim Four-Part 1, Claim Four-Part 2 is dismissed.

**C.     Claim Six**

Hernandez has alleged that he was denied due process because the prosecution withheld evidence that the confidential informant had been convicted of providing false information to a police officer. (Filing No. 1 at CM/ECF pp. 47-48.) This allegation is identical to that raised in Claim Four-Part 1. Thus, for the reasons discussed in the analysis of Claim Four-Part 1 above, Claim Six is dismissed.

**D.     Claim Ten**

Hernandez has alleged that he was denied the effective assistance of counsel in his post-conviction proceedings. As set forth by the Eight Circuit:

> An application for a writ of habeas corpus can be granted if a prisoner is "in custody pursuant to the judgment of a State court only on the ground

that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because the Constitution does not guarantee the existence of state post-conviction proceedings, *see Pennsylvania v. Finley*, 481 U.S. 551, 557, 107 S.Ct. 1990, 95 L. Ed.2d 539 (1987), "an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas [application]." *Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990). Any error in . . . state post-conviction proceeding is not a constitutional error that could justify granting an application for a writ of habeas corpus.

*Bell-Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007). Further, [t]here is no federal constitutional right to the effective assistance of post-conviction counsel. *Clay v. Bowersox*, 367 F.3d 993, 1005 (8th Cr. 2004). Thus, any claim relating to defects in Hernandez's post-conviction proceedings is not a cognizable habeas claim. Claim Ten is therefore dismissed.

IT IS THEREFORE ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (filing no. 1) is dismissed with prejudice.

2. All pending motions are dismissed.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

December 22, 2009                    BY THE COURT:

                                     S/ Joseph F. Bataillon
                                     Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.